UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| ROBBIE C. KOCH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 15-59-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Plaintiff Robbie C. Koch is an inmate confined by the Bureau of Prisons ("BOP") in in the Yazoo City Medium Federal Correctional Institution ("FCI"), located in Yazoo City, Mississippi. Proceeding without an attorney, Koch has filed a civil complaint asserting claims under (1) the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680, and (2) 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1.] Koch has paid the $400 filing fee. [R. 3.] Koch's claims arise from events which allegedly transpired between May and June 2012, while he was confined in the FCI-Manchester, which is located in Manchester, Kentucky.

The Court has conducted a preliminary review of Koch's complaint because he asserts claims against the United States. 28 U.S.C. §§ 1915A.[1] Because Koch is not

---

[1] Title 28 U.S.C. § 1915A requires a district court to conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Further, a district court must dismiss any claim that is: (1)

represented by an attorney, the Court liberally construes his claims and accepts as true his factual allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). As explained below, Koch's Eighth Amendment *Bivens* claims will be dismissed, but his FTCA claims may proceed, and the United States will be required to respond to those FTCA claims.

# I

Koch alleges that on May 21, 2012, another inmate at FCI-Manchester physically attacked him, and that while defending himself from the attack, he injured his right hand. [R. 1-2 at 15.] Koch alleges that as a result of the attack, his right hand was broken and that he experienced swelling and severe pain. [*Id.*] He states that on May 25, 2012, the prison medical staff X-rayed his hand; that Dr. Cordero determined that surgery on his hand was medically necessary;[2] but that he never received the surgery which Dr. Cordero ordered on May 25, 2012. [*Id.* at 16-17.]

Koch alleges that a month later, in late June 2012, he was taken to an unidentified hospital, where Dr. Ronald S. Durbin of the Kentucky Orthopedic Clinic informed him that because four-five weeks had passed since his hand was injured, his bones had already healed improperly, and that it was too late for surgery to be effective. [*Id.* at 17-18.] Koch asserts that Dr. Durbin told him that if he could have seen Koch when the fracture was diagnosed, he could have medically addressed the problem and that everything would have been "back to normal," but that by late June 2012, it was too late. [*Id.* at 18.] Koch has attached a letter

---

frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

[2] *See also*, Health Services Consultation Request of May 25, 2012. [R. 1-2, p. 10, which states under the heading of Consultation/Procedure Requested: "Orthopedic Surgery."]

from Dr. Durbin, which states in part under the heading of **X-Ray Evaluation**, "X-rays of the right hand show excellent fracture healing 3rd right metacarpal." [R. 1-2 at 12.] Under the heading entitled **RECOMMENDATIONS**, Dr. Durbin stated, "No treatment. Exercises were given. We will see the patient back as necessary in the future." [*Id.*]

Dr. Durbin's letter appears to contain no mention of, or reference to, the effect that the alleged delay in surgery may have had on Koch's recovery, as Koch alleges in his complaint. Koch explains that Dr. Durbin verbally told him that the alleged delay in surgery caused the problems with his hand and the alleged deformities, and that Dr. Durbin dictated that verbal statement into his recording machine. [R. 1-1 at 3.] Koch asserts, "The recording machine would be accurate." [*Id.*]

Koch submitted some grievances concerning his medical claims under the BOP's administrative remedy process, 28 C.F.R. §§ 542.15. *See* R. 1-2, p. 3 (7/1/12, Informal Remedy Request to Staff); *Id.*, p. 4 (7/1/12, "Request for Administrative Remedy" to the Warden); *Id.*, p. 6 (7/8/12, Appeal to the BOP's Mid-Atlantic Regional Office ("MARO")). On July 2, 2012, the Administrative Remedy Coordinator of FCI-Manchester rejected Koch's "Request for Administrative Remedy" (BP-9), because it was substantively deficient, but gave Koch five (5) days in which to cure the defect and re-submit his BP-9 remedy request. [*Id.* at 5.]

It does not appear that Koch made those corrections, because on July 8, 2012, Koch instead submitted a BP-10 appeal to the MARO. [*Id.* at 6.] On August 22, 2012, the MARO rejected Koch's BP-10 appeal because it was both substantively and procedurally deficient, but gave Koch five (5) days in which to cure the defect and re-submit his remedy request. [*Id.* at 7.] Koch provides no documentation suggesting that he cured any of the cited

3

deficiencies and submitted either a corrected BP-9 remedy request to the Warden, or a corrected BP-10 appeal to the MARO.

On March 7, 2014, Koch submitted an FTCA administrative claim form to the BOP, demanding $47,378. 00 in damages in connection with his hand injury. [*Id*. at 14.] On June 10, 2014, the BOP acknowledged that claim; stated that it had received it on May 23, 2014, and that the BOP had six (6) months from May 23, 2014, in which to respond to Koch's claim, *i.e.*, until November 22, 2014. [*Id*. at 13.] Koch alleges that as of April 2, 2015 (the date on which he filed his complaint), he has received no response from the BOP as to his FTCA claim. [R. 1 at 2, § II (B).]

**II**

In his complaint, Koch alleges that he experiences pain in his hand; that he is unable to move his knuckle or some of his fingers; that his hand is "deformed" and is "20% or more disabled"; and that the use of his hand is, and will continue to be, significantly impaired. [*Id*. at 18-19; R. 1-1 at 4.] Koch further alleges that he is suffering, and will continue to suffer, mental anguish as result of the improper medical treatment which he received. [R. 1-1 at 4.] Koch alleges that the actions of the FCI-Manchester medical staff constituted: (1) deliberate indifference to his serious medical needs in violation of the Eighth Amendment of the U.S. Constitution, *see id*., p. 5, ¶3, and (2) negligence under the FTCA.

Koch demands $47,378.00 in damages under his FTCA/negligence claims; $100,000.00 in damages as part of his Eighth Amendment medical/deliberate indifference claims; an order directing an outside doctor to examine his hand, so that he "… may show the court how bad my hand is really injured;" and, finally, "some kind of disability check I will receive for the rest of my life." [R. 1-1 at 5.]

4

## A

Koch's Eighth Amendment *Bivens* claims must be dismissed for two reasons. First, Koch has not named *any* individually named FCI-Manchester officials as defendants to this action; in other words, he does not identify the person or persons who were allegedly deliberately indifferent to his serious medical needs and denied him proper medical treatment in violation of his Eighth Amendment rights. To be held liable under either 42 U.C.C. § 1983 or *Bivens*, a plaintiff must demonstrate "that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Here, Koch alleges in broad and general terms that he was denied necessary surgery, but he does not allege **who** denied him that allegedly necessary surgery. He merely alleges that "the orthopedic surgery never took place." [R. 1-1 at 2.] Koch alleges he was placed in the Segregated Housing Unit ("SHU") for an extended period of time, and that his placement in the SHU played a part in the mishandling of his hand injury. [*Id.*] If Koch is assuming that the Warden of FCI-Manchester or other unidentified BOP officials are responsible for the denial of the orthopedic surgery, based solely on their positions as higher-ranking administrative officials, Koch cannot proceed, as *respondeat superior* cannot form the basis of liability in a *Bivens* action. *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003). Supervisory liability under either *Bivens* or § 1983 must be premised on either direct or personal involvement of the named defendant. *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989); *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869 (6th Cir.1982); *see also Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978).

Again, because Koch identifies no specific FCI-Manchester official as the person allegedly responsible for denying him needed orthopedic surgery, and names only the United States as a defendant to this action, his *Bivens* claim fails substantively from the onset. A plaintiff cannot sustain a § 1983 or *Bivens* claim without a showing of personal responsibility on the part of the defendant, *see Iqbal*, 556 U.S. at 676, 129 S.Ct. 1937. A *Bivens* plaintiff must identify the defendant(s) personally involved in or responsible for the alleged violation of his constitutional rights. *Rizzo v. Goode*, 423 U.S. 362, 373–77 (1976); *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983). Thus, Koch's Eighth Amendment *Bivens* allegations must be dismissed for failure to state a claim upon which relief can be granted.

Second, even if Koch had properly established an Eighth Amendment deliberate indifference *Bivens* claim against a specific defendant or defendants, those claims are barred by the applicable one-year statute of limitations. Because neither 42 U.S.C. § 1983 nor the judicially-crafted remedy under *Bivens* include a statute of limitations, federal courts apply the most analogous statute of limitations from the state where the events giving rise to the cause of action occurred. *Wilson v. Garcia*, 471 U.S. 261, 268-71 (1985). The alleged events at issue occurred in Kentucky, and for constitutional torts committed in Kentucky, the one-year limitation period under Ky. Rev. Stat. § 413.140(1)(a) applies. *See Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 181–82 (6th Cir. 1990).

In *Bivens* actions, federal law supplies its own rule of claim accrual. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996) (citing *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984)). A claim accrues and the statute of limitations begins to run when a plaintiff knows, or has reason to know through the exercise of reasonable diligence, of the injury

6

providing the basis for the claim. *Kelly v Burks*, 415 F.3d 558, 561 (6th Cir. 2005). Put another way, a cause of action accrues when "... the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991); *see also Sevier*, 742 F.2d at 273. A plaintiff need not know the full extent of his injuries before his claim accrues; instead, he need only be sufficiently aware of the injury to put him on inquiry notice. *Friedman*, 929 F.2d at 1159.

In this case, Koch alleges that he was denied proper medical care in late May 2012, and that Dr. Durbin informed him on June 27 2012, that he should have immediately undergone surgery after the fracture was diagnosed. Therefore, On June 27, 2012, Koch knew or had reason to know of the facts giving rise to his Eighth Amendment medical claim(s), and he should have filed this action within one year of that date. Koch did not, however, file this action until April 2, 2015, almost three years after Dr. Durbin advised him of the alleged mishandling of his broken hand.

Federal law also requires prisoners to exhaust their administrative remedies prior to filing suit. *See* 42 U.S.C. § 1997e(a). The BOP's administrative remedy process is set forth in 28 C.F.R. §§ 524.10-19, and absent an unreasonable delay or extension, that entire process should ordinarily take no more than 140-150 days to complete after the prisoner commences the formal grievance process. *Cuco v. Federal Medical Center-Lexington*, No. 05-CV-232-KSF, 2006 WL 1635668, at *26 (E.D. Ky. June 9, 2006). During that time, the statute of limitations is tolled, provided the prisoner acts in a timely and diligent manner. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). Koch has attached documentation as to his compliance with the BOP administrative remedy process, concerning the alleged events of

May 2012 and June 2012. But even so, Koch cannot avail himself of any time-tolling that would have otherwise applied during the administrative exhaustion process.

As explained, the Warden rejected Koch's BP-9 "Request for Administrative Remedy" (as to Remedy Id. # 694804-F1) on July 2, 2012, and the MARO subsequently rejected Koch's BP-10 appeal (as to Remedy Id. # 694804-R1) on August 22, 2012. *See* Rejections, R. 1-2, p. 5; R. 1-2, p. 7. Both rejections were based on the fact that Koch's submissions were procedurally and substantively deficient at both levels. Koch provides nothing to indicate that he undertook any effort to correct either of his defective grievance submissions.

Even assuming that Koch did in fact correctly resubmit all necessary BOP grievances as required by the BOP's administrative remedy process after the MARO informed him of the problems, and liberally allowing one hundred fifty (150) more days (five months) from the date of August 22, 2012, for the BOP's administrative remedy process to run its course, Koch could and should have completed the BOP administrative remedy process by the end of January 2013. Further assuming that Koch received a negative response from the BOP Central Office at the end of January 2013, he could and should have filed suit on his *Bivens* claims at the end of January 2014 (at the latest), in compliance with Kentucky's one-year statute of limitations. Again, Koch did not file this action until April 2, 2015, several months after the expiration of even a liberally construed *Bivens* filing deadline.

If it is clear from the face of a plaintiff's complaint that the claim is time-barred, a complaint may be dismissed *sua sponte* at the screening stage. *Jones v. Bock*, 549 U.S. 199, 216, (2007) (stating that if the allegations in the Complaint "show that relief is barred by the applicable statute of limitations, the Complaint is subject to dismissal for failure to state a

8

claim" (citing F. R. Civ. P. 8(c)). Even the case law pre-dating *Jones v. Bock* supports the proposition that a district court may raise a limitations bar *sua sponte* when the "defect was obvious from the face of the complaint." *Alston v. Tenn. Dep't of Corr.*, 28 F. App'x 475, 476 (6th Cir. 2002) (citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir. 1995)); *see also*, *Paige v. Pandya*, 238 F.3d 423, 2000 WL 1828653, at *2 (6th Cir. Dec. 5, 2000) (affirming dismissal of a § 1983 complaint where "the face of the complaint" plainly indicated that the alleged events transpired long before the complaint was filed). Here, it is clear from the face of the attachments to Koch's complaint that he failed to properly exhaust his Eighth Amendment claims, and that based on that facially apparent failure, those Eighth Amendment claims are barred by Kentucky's one-year statute of limitations.

Therefore, the Court will dismiss Koch's Eighth Amendment *Bivens* complaint with prejudice, because (1) those allegations fail to state a claim upon which can be granted, and (2) it is clear from the face of the complaint his *Bivens* claims are barred by Kentucky's applicable one-year statute of limitations.

**B**

The United States of America is immune from suit except where its sovereign immunity is explicitly waived. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA waives this immunity and allows district courts to hear tort actions against the federal government for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Thus, the FTCA makes the United States liable "to the same extent as a private individual under like

circumstances," subject to the listed exceptions. 28 U.S.C. § 2674; *see Levin v. United States*, 133 S. Ct. 1224, 1228 (2013).

The FTCA is the exclusive remedy for tort actions against the federal government, its agencies, and its employees. *Ascot Dinner Theatre v. Small Business Admin.*, 887 F.2d 1024, 1028 (10th Cir. 1989). Federal prisoners are among the possible plaintiffs in FTCA cases. *United States v. Muniz*, 374 U.S. 150 (1963). *See also*, 28 U.S.C. § 1346(b)(1); *Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2004). Importantly, an FTCA claim may only be asserted against the United States of America. *See* 28 U.S.C. § 2674; *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) ("The United States is the only proper defendant in an FTCA action."); *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008) (same).

Koch appears to have presented his FTCA claims within two years of their accrual, according to the time-frame established in 28 U.S.C. § 2401(b). Accepting as true Koch's assertion that the BOP has not responded to his FTCA administrative claim, the BOP denied that claim on November 22, 2014, by operation of law when it did not issue a written denial. By filing suit on April 2, 2015, Koch appears to have asserted his FTCA claims in a timely manner, based on the BOP's letter of June 10, 2014. [R. 1-2 at 13.] Koch has also properly named the United States as the sole defendant to this action. Therefore, the Court will direct the United States to file a response to Koch's FTCA claim.

Koch has paid the $400 filing fee and therefore is not proceeding *in forma pauperis*. Even so, Koch has asked that his claims proceed, so the United States Marshals Service ("USMS") will be instructed to take the steps necessary to properly serve the United States with process in this action. *See* Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court

10

may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court.").

### III

Accordingly, it is hereby **ORDERED** as follows:

1. Plaintiff Robbie C. Koch's Eighth Amendment deliberate indifference medical claims asserted under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), are **DISMISSED WITH PREJUDICE**;

2. Koch's FTCA claims shall proceed, and the United States **MUST RESPOND** to Koch's FTCA claims;

3. A Deputy Clerk in the London Clerk's Office shall prepare a Service Packet" consisting of the following documents for service of process upon the United States of America:

   a. a completed summons form;

   b. the Complaint [R. 1] and all attachments thereto;

   c. this Memorandum Opinion and Order; and

   d. a completed USM Form 285.

4. The Lexington Deputy Clerk shall deliver the Service Packet to the USMS in Lexington, Kentucky, and note in the docket the date that the Service Packet was delivered.

5. The USMS shall serve the United States of America by sending a Service Packet by certified or registered mail to:

   a. the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky;

      b.      the Office of the Attorney General of the United States in Washington, D.C.; and,

      c.      the Central Office of the Federal Bureau of Prisons in Washington, D.C.

6.    Koch must immediately advise the Court of any change in his current mailing address. Failure to do so may result in the dismissal of this case.

7.    Koch must communicate with the Court solely through notices or motions filed with the Clerk of the Court. **The Court will disregard correspondence sent directly to the judge's chambers**.

8.    With every notice or motion filed with the Court, Koch must (a) mail a copy to the defendant (or the defendant's attorney); and (b) at the end of the notice or motion, certify that he has mailed a copy to the defendant (or the defendant's attorney) and the date on which this was done. **The Court will disregard any notice or motion which does not include this certification**.

9.    The Clerk of the Court shall send one copy of this Memorandum Opinion and Order to Koch at his address of record at Yazoo City Medium FCI, and another copy to the additional address that Koch has provided, which is set forth in the "Clerk's Note" docket entry of April 2, 2015.

This September 8, 2015.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge